1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10
11   RICHARD T. L.                          Case No.:  23-cv-640-DDL
12                            Plaintiff,
                                            **ORDER GRANTING IN PART**
13   v.                                     **AND DENYING IN PART**
                                            **PLAINTIFF'S MOTION FOR**
14   LELAND DUDEK, ACTING                   **AWARD OF ATTORNEY'S FEES**
     COMMISSIONER OF SOCIAL                 **PURSUANT TO THE EQUAL**
15   SECURITY,[1]                           **ACCESS TO JUSTICE ACT**
16                         Defendant.       **[Dkt. No. 28]**
17
18
19        Pursuant to the Equal Access to Justice Act (the "Act" or "EAJA"), Plaintiff
20   Richard T. L. ("Plaintiff") moves for an award of $47,728.44 in fees and $495.00 in
21   costs incurred by his counsel in connection with his appeal from an adverse
22   decision of the Commissioner (the "Motion").  Dkt. No. 28.  For the reasons set
23   forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.
24   / / /
25   / / /
26   _____
27   [1]    Leland Dudek is automatically substituted for Kilolo Kijakazi pursuant to
28   Federal Rule of Civil Procedure 25(d).

1

2

# I.

## BACKGROUND

Plaintiff appealed the denial of his claim for Disability Insurance and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. Dkt. No. 1 at 1. On September 19, 2024, the Court affirmed the ALJ's denial of disability insurance benefits under Title II but remanded Plaintiff's claim for supplemental security income under Title XVI for further administrative proceedings. Dkt. No. 26 at 26.[2] The Court found the ALJ erred in failing to consider medical evidence predating November 21, 2019 when adjudicating the Title XVI claim. *Id.* at 10.

Plaintiff now moves for an award of his attorney's fees and costs. Plaintiff asserts he is the prevailing party within the meaning of the Act and requests that his counsel be compensated for 162 hours expended on the litigation (including the request for fees now before the Court) at an enhanced rate of $294.62 per hour. *See generally* Dkt. No. 28; Dkt. No. 31. Plaintiff further requests any fee award be paid directly to his counsel. Dkt. No. 28 at 33.

The Commissioner opposes Plaintiff's motion, asserting Plaintiff does not qualify for an award under the EAJA, or, in the alternative, the award should be subject to a reduction. *See generally* Dkt. No. 30. The Commissioner further asserts any award should be paid to Plaintiff and not to Plaintiff's counsel. *Id.* at 24.

# II.

## LEGAL STANDARDS

The EAJA provides for the recovery of fees and costs by the prevailing party in litigation against the United States or its agencies. *See generally* 28 U.S.C. § 2412. As is relevant to the Motion, the Act provides that upon timely application:

---

[2]     All citations are to the CM/ECF page numbers.

1
2
3
4
5
6
7
8

> . . . a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

9
10
11
12
13

*Id.*, § 2412(b).   Any application for attorney's fees must be supported by "an itemized statement from any attorney . . . representing or appearing in [*sic*] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."   *Id.*, § 2412(d)(1)(B).   Fees and expenses are not recoverable by a party whose net worth exceeds $2,000,000.  *Id.*, § 2412(d)(2).

14
15
16
17
18
19
20
21
22
23
24

The Court may in its discretion decline to award fees where it finds "that the position of the United States was substantially justified or that special circumstances make an award unjust."  *Id.*, § 2412(d)(1)(A).   The Court may likewise reduce or deny any award to a party whose conduct "unduly and unreasonably" delayed the proceedings.   *Id.*, § 2412(d)(1)(C).   The Court's fee award should be "adequate to attract competent counsel, but . . . [should] not produce windfalls to attorneys."  *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.4 (1983).[3]

/ / /

/ / /

/ / /

/ / /

25
26
27
28

---

[3]    Unless otherwise noted, all citations, subsequent history, and parallel reporter citations are omitted, and in direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## <u>DISCUSSION</u>

**A. Plaintiff's Eligibility for Fees**

    1.  <u>Plaintiff Is the Prevailing Party on the Title XVI Claim</u>

    The Ninth Circuit has long held that "litigants who achieve relief other than a judgment on the merits" may nevertheless be considered prevailing parties for purposes of the Act. *Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007) (citing *Carbonell v. INS*, 429 F.3d 894, 899 (9th Cir. 2005) and *Rueda-Menicucci v. INS*, 132 F.3d 493, 495 (9th Cir. 1997)). Accordingly, the Court finds that although it did not afford Plaintiff the full extent of relief requested in the complaint, Plaintiff is nevertheless the prevailing party for purposes of the Act with respect to his Title XVI claim. [4],[5] The Commissioner does not appear to dispute this point. *See generally* Dkt. No. 30.

    2.  <u>The Commissioner's Position Was Not Substantially Justified</u>

    The Court next considers whether the Government's position in the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). "Substantial justification" in this context means that the government's position had a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). It is

---

[4]    Plaintiff sought reversal of the Commissioner's decision, a finding that Plaintiff is disabled and a remand for an award of retroactive and prospective benefits, in addition to his reasonable attorney's fees. *See* Dkt. No. 1 at 7.

[5]    Plaintiff did not prevail on his Title II claim, as to which the Court found the ALJ's disability determination was legally sound and supported by substantial evidence. *See* Dkt. No. 26 at 1, 26. Although prevailing party status requires an evaluation of the "degree of success obtained," *see Comm'r, INS v. Jean*, 496 U.S. 154, 160 (1990) (hereinafter "*Jean*"), the Court determines it Plaintiff's limited success is best addressed in the context of counsel's requested fee, as more fully explained below. *See id.* at 162 ("the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line items").

4

the government's burden to establish substantial justification. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). The "position of the United States" includes the decisions made at the administrative level, as well as the government's decision to defend the federal action. *See Li*, 505 F.3d at 918.

Here, Plaintiff prevailed on his Title XVI claim on the narrow issue of the ALJ's decision to preclude evidence prior to November 2019. Dkt. No. 28-1 at 13. The Court agrees "Plaintiff is not entitled to EAJA fees simply because he prevailed in Court." Dkt. No. 30 at 7. Nevertheless, the Court's finding that the ALJ erroneously excluded this evidence "without explanation" or "legal justification" indicates the ALJ's position was not substantially justified. *See* Dkt. No. 26 at 10-11.

Mindful that the "policy goal of the EAJA is to encourage litigants to vindicate their rights" where government's error has "forced the litigant to seek relief from a federal court," *Li*, 505 F.3d at 919, the Court is also not persuaded that the Commissioner's decision to defend the ALJ's error on appeal was substantially justified. The Commissioner offers *post-hoc* justifications for the ALJ's refusal to consider evidence predating November 2019 in adjudicating Plaintiff's claim for supplemental security income benefits, including that such benefits are "not payable before the date of application," and that the 2019 decision on Plaintiff's Title II claim "established" Plaintiff was not disabled before November 2019. *See* Dkt. No. 30 at 7-9. The latter argument merely repeats the ALJ's error of grafting the findings from the Title II claim onto Plaintiff's previously unadjudicated Title XVI claim. More importantly, the ALJ did not cite either reason as a basis for excluding evidence predating November 2019 from consideration. It is well established the Court cannot affirm on a basis not articulated by the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Indeed, and contrary to the Commissioner's statement that "remand was not inevitable," Dkt. No. 30 at 9, the ALJ's failure to explain the exclusion of this evidence virtually necessitated

remand. *See* Dkt. No. 26 at 12 ("Because the record does not permit the Court to reasonably discern the ALJ's path, the Court cannot conclude the ALJ's error was harmless.").

For the above reasons, the Court finds the Commissioner's position with respect to Plaintiff's Title XVI claim was not substantially justified.

### 3. Other Considerations

The parties do not dispute, and the Court finds, that the Act's other eligibility requirements are satisfied. The Commissioner has not identified any "special circumstances that would make an award [of fees] unjust." *See Cath. Soc. Servs., Inc. v. Napolitano*, 837 F. Supp. 2d 1059, 1071 (E.D. Cal. 2011) (finding "no special circumstances exist that would make an EAJA award in this case unjust" where the defendants did not make any argument to the contrary); *see also Gutierrez*, 274 F.3d at 1258 (burden of demonstrating "special circumstances" lies with the government). Plaintiff prevailed in a civil suit against an official of the United States acting in their official capacity – namely, the Commissioner of the Social Security Administration. Plaintiff's application for fees was timely made, as he filed the instant Motion within 90 days of the Court's September 19, 2024 order remanding the Title XVI claim to the Administration for further proceedings. *See Li*, 505 F.3d at 917 (finding, after accounting for post-judgment appeal period, that application for fees filed within 90 days after the order remanding the matter to the agency is timely for purposes of the EAJA); *see also* 28 U.S.C. § 2412(d)(1)(B). Finally, Plaintiff's net worth does not exceed $2,000,000. *See* Dkt. No. 28-1 at 9.

Based on the foregoing, the Court finds Plaintiff is eligible to recover fees under the EAJA.

## B. Reasonable Fee Award

"The amount of attorneys' fees awarded under EAJA must be reasonable." *Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009). "The most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly fee." *Id.* (citing *Hensley*, 461 U.S. at 433-34).[6] The party seeking EAJA fees bears the "burden to document the appropriate hours expended and to submit evidence in support of those hours worked." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*, 305 F. Supp. 3d 1156, 1170 (D. Or. 2018). The hourly rate is capped by statute unless the Court determines an increase in cost of living or another special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Court "retain[s] substantial discretion in fixing the amount of an EAJA award." *Jean*, 496 U.S. at 163. The Court must explain any significant reduction in counsel's requested fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

### 1. Hours Reasonably Expended

Plaintiff's counsel avers she has spent 162 hours on this matter, from the drafting of the complaint to the filing of the reply brief in support of this Motion. *See* Declaration of Alexandra Manbeck ("Manbeck Decl."), Dkt. No. 28-5, at ¶¶ 7-8; Dkt. No. 31 at 12. The Court has carefully examined counsel's billing records and reduces counsel's hours as follows:

***Case Starting Documents***. Counsel's billing records indicate she spent 7.5 hours preparing the complaint and motion to proceed *in forma pauperis* ("IFP"), which includes unspecified amounts of time reviewing the file and discussing the complaint with Plaintiff, at least 0.5 hours preparing the IFP motion, and 0.5 hours

---

[6] Although *Hensley* examined attorneys' fee awards under a different statute, the Court clarified that "[t]he standards set forth in [its] opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433 n. 7; *see also Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 901 n.2 (9th Cir. 1995) (noting *Hensley*'s application in other fee-shifting contexts).

23-cv-640-DDL

to file the complaint.  *See* Manbeck Decl., ¶ 7 (entries dated 4/5/23, 4/6/23, and 4/7/23).

The Court deducts 0.5 hours for filing the complaint.  "Tasks which are clerical in nature are not properly billed as attorney fees but are overhead expenses absorbed by counsel."  *League of Wilderness Defs.*, 305 F. Supp. 3d at 1171 (further clarifying such tasks include filing documents with the court); *see also Nadarajah*, 569 F.3d at 921 (noting "filing, transcript, and document organization time [is] clerical in nature and should [be] subsumed in firm overhead").

The Court defers to counsel's professional judgment regarding the time necessary to prepare the complaint and IFP motion.  *See Costa*, 690 F.3d at 1136 ("courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).  However, the Court reduces the time by 1 hour due to a mathematical error in which discrete tasks totaling 1.5 hours were recorded as 2.5 hours.  *See* Manbeck Decl., ¶ 7 (entry dated 4/6/23). Therefore, the Court finds 6 hours were reasonably expended on preparing case-starting documents.

***Preparing Opening Brief***.  Counsel states she spent 82 hours drafting the opening brief, including time spent analyzing the administrative record and discussing the case with Plaintiff.  *See* Manbeck Decl., ¶ 7 (entries dated 6/14/23, 7/30/23, 8/6/23, 8/8/23, 8/10/23, 8/12/23, 8/15/23, 8/20/23, 8/23/23, 8/24/23, 8/25/23, and 8/27/23).

The Court finds Plaintiff's entry "finalize plan for summary judgment" (6.75 hours, entry dated 7/30/23) does not describe the underlying activity with sufficient specificity to allow the Court to determine whether this entry is redundant or unnecessary.  *See Mohamed v. Barr*, 562 F. Supp. 3d 1128, 1136 (E.D. Cal. 2022) (noting courts in this Circuit "reduced fee awards where the billing

entries were too vague to conduct a meaningful review or determine whether the time expended was reasonable"). These hours are deducted from counsel's time.

The Court further reduces the remaining time to account for Plaintiff's limited success on appeal. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. As noted, Plaintiff sought review of the ALJ's disposition of two distinct claims: one for disability benefits (the Title II claim) and one for supplemental security income (the Title XVI claim). Plaintiff sought reversal and remand for an immediate award of benefits on both the Title II and Title XVI claims, but Plaintiff succeeded only in securing a remand for further proceedings on one of the claims.

A reduction in fees is appropriate even if the claims are "interrelated, nonfrivolous and raised in good faith." *Id.* at 436. Here, however, the Court remanded the matter on a procedural error, regarding which Plaintiff's briefing and arguments on the merits of the unsuccessful Title II claim were neither related nor helpful. Plaintiff prevailed in large part because the Court found the Title II and Title XVI claims to be distinct. In determining that the ALJ applied the appropriate "period of consideration" for evidence in the Title II claim but erred in applying the same period to the Title XVI claim, the Court pointed out the claims were not part of the same decision. Dkt. No. 26 at 11 ("Simply put, Plaintiff's application for supplemental security income was a new claim").

Plaintiff acknowledges he was "unable to reopen his Title II application," but states counsel should nevertheless be compensated for this work because it "laid the groundwork for a successful appeal." Dkt. No. 31 at 10-11. Setting aside that no appeal was taken from the Court's order on the Title II claim, nearly every unsuccessful party could make this argument, rendering the requirement that counsel's work "result in a material alteration of the legal relationship of the parties . . . [that is] judicially sanctioned" a nullity. *Li*, 505 F.3d at 917.

"Hours expended on unrelated, unsuccessful claims should not be included in an award of fees." *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001); *see also Schwarz.*, 73 F.3d at 906 ("[T]he fact that [plaintiff] achieved an excellent result on her one successful claim doesn't work to resurrect the hours her lawyers spent on the unsuccessful claims . . ..").  Plaintiff's time entries do not contain sufficient detail to allow the Court to determine what amount of time was spent briefing the Title II claim.  Accordingly, the Court in its discretion reduces counsel's hours by 50% to account for Plaintiff's limited success.  The Court applies a further 10% reduction for Plaintiff's counsel's liberal use of block billing, which many courts have recognized is a "form of improper recording" for time that "makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended."   *Mohamed v. Barr*, 562 F. Supp. 3d 1128, 1136 (E.D. Cal. 2022) (further noting the Ninth Circuit's approval of reducing block-billed time); *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2000) ("block billing makes it more difficult to determine how much time was spent on particular activities").  The Court therefore finds 30.1 hours were reasonably expended preparing the opening brief.

***Preparing Reply Brief.***  Counsel avers she spent 13 hours preparing the reply brief.  Manbeck Decl., ¶ 7 (entries dated 11/1/23 and 11/13/23).  For the reasons discussed above, a 60% across-the-board reduction is appropriate given counsel's limited success and block-billed time entries.  *Mohamad*, 562 F. Supp. 3d at 1136. The Court finds 5.2 hours were reasonably expended preparing the reply brief.

***Other Motion Practice***.  Counsel's billing records indicate 9 hours spent opposing the Commissioner's two requests for extensions of time. *See* Manbeck Decl., ¶ 7 (entries dated 6/6/23, 9/15/23, and 9/18/23).  The Commissioner's requests for extensions of time were "distinct and separate from the course of conduct that gave rise to the injury upon which the relief granted is premised."  *Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1032 (C.D. Cal. 2012).  Plaintiff's oppositions were

unsuccessful (*see* Dkt. Nos. 12, 23) and did not otherwise "substantially advance[] [the] client's interests" in the litigation.  *See Hensley*, 461 U.S. at 430-31 (noting fees for unsuccessful motion practice may be appropriate where plaintiff secured a "significant concession" by filing it).   The Court finds this time was not reasonably expended and will not award any fees for preparing these opposition papers.

*Communications with Client*.  Counsel seeks reimbursement for 5.25 hours communicating with her client about the case.  *See* Manbeck Decl., ¶ 7 (entries dated 6/7/23 and 9/21/24).  Although the time entry for June 7, 2023 contains little detail, the Court defers to counsel's professional judgment that 1.75 hours spent in consultation with Plaintiff on June 7, 2023 were reasonably spent.  However, the Court reduces the time entry dated September 21, 2024 to one hour.   The description for this entry is "Contact claimant; discuss strategy and next step [*sic*]; advise on applying for retirement/disability benefits."  Manbeck Decl., ¶ 7.  It is unclear to the Court what "strategy" or "next steps" warranted such a lengthy discussion two days after the Court's remand order issued.  The Court also agrees with the Commissioner that counsel's consultation regarding whether Plaintiff should re-apply for benefits is not properly included in an EAJA fee award.  *See* Dkt. No. 30 at 14.  The time for this activity is accordingly reduced.  The Court finds 2.75 hours were reasonably expended on client communications.

*Activities Following Remand Order*.  Counsel's billing records indicate 36.25 hours were spent on the post-remand activities, including preparing the instant Motion, conducting negotiations, and updating records.  *See* Manbeck Decl., ¶ 7 (entries dated 3/30/24, 9/22/24, 10/15/24, 10/18/24, 10/19/24, 10/22/24, and 11/18/24).  Plaintiff also seeks an additional 9 hours for time spent preparing the reply brief in support of the EAJA Motion.  Dkt. No. 31 at 12.

The entry dated March 30, 2024, bearing the description "search and update client's record," appears to either be misplaced or misdated; the Court also cannot discern whether this entry is related to the entry immediately below it, dated

September 22, 2024.  In any event, the Court finds updating records is a clerical task not properly included in an EAJA fee request.  *Nadarajah*, 569 F.3d at 921 ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors.").  Counsel's hours are reduced by 7.25 hours, as indicated in the far-right column for this entry.

The Court is also unclear what "negotiations" were occurring on October 22, 2024, but defers to counsel's professional judgment that such time expenditure was reasonable.

The Court finds the 28 hours attributed variously to "preparing," "drafting" and "finalizing" the instant fee request are excessive and not reasonably expended on this task.  Although the prevailing party may recover for time spent preparing its fee motion, *see Jean*, 496 U.S. at 162, counsel's use of block billing again gives the Court little insight into why this routine motion should have required such an extraordinary expenditure of time.  The Court also notes Plaintiff's Motion is a near-verbatim copy of other such requests his counsel has filed in this District, including (somewhat troublingly) remarkable similarities in counsel's fee declaration.[7]  In other words, the Motion appears "recycled from submissions to

---

[7]    Compare, for example, Dkt. No. 28-1 (memorandum of points and authorities in support of the Motion) to Plaintiff's counsel's briefs in support of fee applications in this District in *Aihoa N. v. O'Malley*, Case No. 16-cv-1535, Dkt. No. 44-1 (filed June 20, 2024); *Mary M. v. Kijakazi*, Case No. 22-cv-1649-DMS-KSC, Dkt. No. 31-1 (filed March 18, 2024); *Tam Phan N.* v. *Kijakazi*, Case. No. 20-cv-2391-WVG, Dkt. No. 32-1 (filed March 23, 2023); *Minh Kim T. v. Kijakazi*, Case No. 20-cv-02289-AGS, Dkt. No. 22-1 (filed July 9, 2022); *Thom Thi T. v. Saul*, Case No. 17-cv-02521-DMS-BLM, Dkt. No. 49-1 (filed May 9, 2022); *Cu N. v. Saul*, Case No. 18-cv-590-H-KSC, Dkt. No. 37-1 (filed June 8, 2021).  Based on a comparison of the Manbeck Declaration to counsel's fee declarations in these matters, the Court is particularly disturbed by the obvious cutting and pasting of counsel's time records.  These

1    other courts." *Welch*, 480 F.3d at 950; *accord Hill v. Comm'r of Soc. Sec.*, 428 F. Supp.

2    3d 253, 265 (E.D. Cal. 2019) (reducing award for EAJA motion after comparison to

3    prior motions demonstrated that "[b]eyond the replacing of names and . . .

4    calculations, there [were] only minor changes" to the motion before it).  Further,

5    as with the briefing on the merits, the Court should consider the results obtained

6    and may reduce "fees for fee litigation" where the fee application is only partially

7    successful.  *Jean*, 496 U.S. at 163 n.10.  For these reasons, the Court finds 4 hours

8    were reasonably expended on preparing the Motion and reduces counsel's time

9    accordingly.

10        The Court declines to award fees for counsel's preparation of the reply brief

11   in support of the EAJA motion.  Plaintiff requests reimbursement for this work at

12   the conclusion of the reply brief, stating simply "[t]he Court should award plaintiff

13   $47,728.44 ($45,076.86 *plus $2,651.58 for 9 hours for the reply* at an hourly rate of

14   $292.62)." Dkt. No. 31 at 12 (emphasis added).  However, counsel failed to support

15   this request with an itemized statement, as required by the statute.    28 U.S.C.

16   § 2412(d)(1)(B).  The Court finds Plaintiff has not met his burden to document these

17   hours, which are accordingly excluded from the Court's fee award.

18        The Court finds 7 hours were reasonably expended on litigation activities

19   following the Court's remand order.

20   / / /

21   / / /

22

23

24   ───────────────────

25   declarations include identical or nearly identical time descriptors, often report

26   identical time for these tasks, and even bear the identical mathematical,

27   typographical and formatting errors. *See*, *e.g.*, *Aihoa N. v. O'Malley*, Dkt. No. 44-2;

28   *Thom Thi T. v. Saul*, Dkt. No. 49-3; *Minh Kim T. v. Kijakazi*, Dkt. No. 22-2; *Tam Phan N. v. Kijakazi*, Dkt. No. 32-2; *Cu N. v. Saul*, Dkt. No. 37-2.

23-cv-640-DDL

*Summary.*  The Court finds counsel reasonably expended 49.05 hours on the litigation, based on the foregoing reductions as summarized below.

| Category | Hours Claimed | Hours Allowed |
|---|---|---|
| Case-Starting Documents | 7.5 | 6.0 |
| Preparing Opening Brief | 82 | 30.1 |
| Preparing Reply Brief | 13 | 5.2 |
| Other Motion Practice | 9.0 | 0 |
| Communication with Client | 5.25 | 2.75 |
| Activities Following Remand Order | 36.25 | 5.0 |
| **Total Hours** | **153** | **49.05** |

## 2. Reasonable Hourly Rate

The hourly fee for EAJA awards in the Ninth Circuit is $244.62 for work performed in 2023, and $251.84 for work performed in 2024.[8]  This rate may be enhanced for specialized skills if those skills are both (1) needful to the litigation, and (2) unobtainable elsewhere at the statutory rate.  *Cath. Soc. Servs., Inc.*, 837 F. Supp. 2d at 1073; *Nadarajah*, 569 F.3d at 912.  Plaintiff requests a $50 per hour fee enhancement, citing counsel's Vietnamese language skills, experience representing the Vietnamese refugee community, and experience in civil rights litigation and Social Security law.  Dkt. No. 31 at 6-11.

"Congress . . . intended for courts to deviate from the statutory cap only if there was limited availability of attorneys having some distinctive knowledge or specialized skill needful for the litigation in question."  *Pirus v Bowen*, 869 F. 2d

---

[8]  *See* Statutory Maximum Rates Under the Equal Access to Justice Act, United States Courts for The Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (accessed April 28, 2025).

23-cv-640-DDL

536, 541 (9th Cir. 1989).  Specialized knowledge in disability law may justify an enhancement in cases involving "a highly complex area of the Social Security Act." *Id.* at 536.  In routine cases, however, such specialized knowledge alone does not justify a fee enhancement.  *See Nguyen v. Berryhill*, No. 10-CV-2349-LAB-MDD, 2017 WL 3020958, at *3 (S.D. Cal. July 17, 2017) ("The base rate takes into account the degree of expertise required to litigate a Social Security appeal.  If enhancements were routinely awarded, the base rate would almost never be used, and would be virtually meaningless.").  As Plaintiff acknowledges, "this case involves the straightforward application of Social Security law to a benefit application," Dkt. No. 28-1 at 14, for which knowledge of the "esoteric nooks and crannies" of the law was not required.  *Nadarajah*, 569 F.3d at 913; *see also Pirus*, 869 F.3d at 542 (distinguishing "routine disability case" from one requiring "substantial knowledge" of a "highly complex area of the Social Security Act").  The Court finds a fee enhancement based on counsel's familiarity with Social Security law is not warranted.

The Court is also not persuaded counsel's fluency in Vietnamese warrants an increase in the statutory hourly rate.  Plaintiff states he is "not fluent in English and is unable to communicate in any language other than Vietnamese."  Dkt. No. 28-1 at 19.  The undersigned has already made a finding to the contrary.  Dkt. No. 26 at 9 (finding "nothing in the record evinces that Plaintiff was unable to understand the proceedings or meaningfully participate in them").  Furthermore, "the bulk of the work in this case required [counsel] to review English language records . . . and conduct English language legal research on U.S. federal law," none of which required "knowledge of Vietnamese."  *Nguyen*, 2017 WL 3020958, at *2.  The Court is therefore not persuaded counsel's Vietnamese language skills were "needed in the litigation," and declines to award fees at an enhanced rate for all litigation activities.  The Court finds, however, counsel's fluency likely facilitated her communications with her client, and will apply an enhanced rate for those

hours spent in consultation with Plaintiff. *See id.* at *2 (noting the court could award an enhancement for those hours spent in "communicating directly with [the] client," which "is a critical component of effective representation").

The Court similarly finds a fee enhancement based on counsel's experience with the Vietnamese refugee community is not appropriate. Again, an attorney's specialized expertise, "by itself," is not sufficient to justify a fee enhancement. *Nadarajah*, 569 F.3d at 913. Although Plaintiff is a Vietnamese refugee, nothing in the administrative record or the record in these proceedings suggest his refugee status is related to his alleged disabilities. Further, Plaintiff obtained a partial remand based on the ALJ's error in failing to consider evidence before a certain date, not the nature of the evidence itself. Therefore, counsel's specialized knowledge of mental illness in the Vietnamese refugee community was not necessary to the litigation, and an enhancement on this basis is not warranted.

For the foregoing reasons, the Court finds the reasonable hourly fee for counsel's work in this matter is as follows: $294.62 for 1.75 hours spent communicating with Plaintiff in 2023, $244.62 for 41.3 hours spent on all other litigation activities in 2023; $301.84 for 1 hour spent communicating with Plaintiff in 2024; and $251.84 for 5 hours spent on litigation activities in 2024. Because the Court largely denies Plaintiff's request for an enhanced hourly rate, it does not reach the issue of whether other counsel with similar skills were not available at the statutory rate.

### 3. Adjustments

"The product of reasonable hours times a reasonable rate does not end [the Court's] inquiry." *Hensley*, 461 U.S. at 434. The Court may in its discretion adjust the award upward or downward after considering other factors, including but not limited to the difficulty of the legal questions presented, the results obtained, and the experience and reputation of the attorneys. *See id*. at 430 n.3. However, the Court finds these considerations are already appropriately accounted for in the

foregoing discussion regarding counsel's reasonable hours and reasonable hourly rate, and does not impose any further adjustments to counsel's fee.

**C. Costs**

Plaintiff also seeks reimbursement for costs his counsel incurred in the litigation, as follows: $250 for "paralegal and delivery/translation services," $175 for "copying costs," and $70 for "mailing costs." Manbeck Decl., ¶ 11. In support, Plaintiff submits photocopies of two checks to Lanh Nguyen totaling $250. *See* Dkt. No. 28-4. There is no documentation supporting the copying or mailing costs.

Paralegal services are compensable under fee-shifting statutes. *See League of Wilderness Defs.*, 305 F. Supp. 3d at 1170. But, as with attorneys, the paralegal's expended time must reasonable, exclude clerical tasks, and be sufficiently documented to permit the Court's review. *See id.* Here, the Court cannot determine from the description "paralegal and delivery/translation services" or the photocopied checks precisely what "services" the paralegal performed and whether they are compensable under the Act. The information provided in counsel's declaration regarding other costs is similarly insufficient for the Court to assess their reasonableness, and this lack of clarity is compounded by counsel's failure to provide documentation regarding her expenditures.

Because the party seeking fees bears the burden of supporting their request with an itemized statement of expenditures, the Court denies Plaintiff's request for reimbursement of $495.00 in costs. 28 U.S.C. § 2412(d)(1)(B) (requiring itemized statement from party's legal representative); *see also League of Wilderness Defs.*, 305 F. Supp. 3d at 1170 (recognizing moving party's burden to document hours).

**D. Whether Payment Should Be Made to Plaintiff or Counsel**

Plaintiff requests that any fees awarded be paid directly to Plaintiff's counsel. Dkt. No. 28-1 at 24.

/ / /

23-cv-640-DDL

Fee awards under the EAJA must be made to the prevailing party, 28 U.S.C. § 2412(d)(1)(A), and are subject to offset to satisfy any of the claimant's "delinquent federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). The Court in *Ratliff* rejected the argument that EAJA fee awards can be paid directly to counsel, finding the statutory text "forecloses the conclusion that attorneys have a right to direct payment" of their fees. *Id.* at 594. Instead, the claimant may assign the fee award to counsel, but only if "certain conditions" under the Anti-Assignment Act are met. *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015) (citing 31 U.S.C. § 3727). As set forth in the statute, a claim against the United States may be assigned:

> only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

The Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Hill v. Comm'r of Soc. Sec.*, 428 F. Supp. 3d 253, 266 (E.D. Cal. 2019). Absent a compliant assignment by the claimant, any fees awarded under the EAJA must be paid directly to the litigant. *Kim*, 806 F.3d at 1169-70. As the *Kim* court observed, due to the "obsolete" statutory requirements, the government can "pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70; *see also Thomas v. Comm'r of Soc. Sec.*, No. 2:19-CV-1774-DMC, 2024 WL 382466, at *5 (E.D. Cal. Feb. 1, 2024) (noting the government's "discretionary ability to reject assignment of any claims against it to third parties under the Anti-Assignment Act").

23-cv-640-DDL

Plaintiff avers he does not have any outstanding federal debt, and "request[s]" in his declaration that "the legal fees and costs be sent to attorney Alexandra Manbeck." *See* Plaintiff's Declaration, Dkt. No. 28-2, at ¶ 9. Plaintiff's declaration was witnessed by Lanh Nguyen, who translated the document, and notarized by Tom Huynh. *See id.* The Court finds this evinces an intention to assign any EAJA fee award to Plaintiff's counsel. The award shall therefore be made payable directly to Plaintiff's counsel, subject to any offset for federal debt and the Commissioner's waiver of the Anti-Assignment Act requirements. If the Commissioner does not waive these requirements, payment shall be made to Plaintiff, and not Plaintiff's counsel.[9]

## IV.

## CONCLUSION

For the reasons explained above, the Court finds Plaintiff's Counsel reasonably expended 52.05 hours litigating this case. The Court finds the reasonable hourly rate for this work is $294.62 for 1.75 hours spent communicating with Plaintiff in 2023, $244.62 for 41.3 hours spent on all other litigation activities in 2023; $301.84 for 1 hour spent communicating with Plaintiff in 2024; and $251.84 for 5 hours spent on litigation activities in 2024. Accordingly, it is hereby **ORDERED**:

1.    Plaintiff's motion for an award of fees pursuant to the Equal Access to Justice Act [Dkt. No. 28] is **GRANTED IN PART** and **DENIED IN PART**;

2.    Plaintiff is hereby awarded **$12,179.44** in attorney's fees; and

3.    Plaintiff's request for reimbursement of $495.00 in costs is denied; and

---

[9]    Plaintiff states in his reply brief that he is "mentally disabled and unable to handle any large payments." Dkt. No. 31 at 12. This motion is not the appropriate vehicle to address such concerns, which in any event are not supported by the record before the Court.

4.     The Commissioner shall determine whether Plaintiff's EAJA award is subject to any offset for federal debt, and payment shall be made less any appropriate offsets; and

5.     If the Commissioner decides to accept the assignment of fees, payment shall be made payable to Plaintiff's Counsel, Alexandra Manbeck, and otherwise shall be made payable to Plaintiff; and

6.     Payment shall be mailed to Plaintiff's Counsel, Alexandra Manbeck, at the following address:

> Law Offices of Alexandra Manbeck
> P.O. Box 827
> State College, PA 16804

**IT IS SO ORDERED.**

Dated: April 28, 2025

_____
Hon. David D. Leshner
United States Magistrate Judge

23-cv-640-DDL