UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICHARD L.,

Plaintiff,

v.

FRANK BISIGNANO, Acting Commissioner of Social Security,

Defendant.

Case No.:  23-cv-640-DDL

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EXPARTE* PETITION FOR ATTORNEY'S FEES PURSUANT TO SECTION 206(b) OF THE SOCIAL SECURITY ACT**

**[Dkt. No. 34]**

Currently before the Court is Plaintiff's March 23, 2026, *Ex-Parte* Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. No. 34 ("Mot.")] and Defendant's March 25, 2026 response [Dkt. No. 35 ("Response")].

## Parties' Positions

Plaintiff seeks an order from the Court awarding attorney fees pursuant to Section 206(b) of the Social Security Act and 42 U.S.C. § 406(b) in the amount of $39,923.50 with a credit to Plaintiff for the EAJA fees previously paid in the amount of $12,179.44.  Mot. at 2, 3.  Plaintiff argues that twenty-five percent (25%) of his past-due benefits ($118,278.00) is $39,923.50 and that since his counsel did not receive any fee award pursuant to section 406(a) of the Social Security Act, "the Court should authorize the full amount of the 25 percent past-due benefits, in the amount of $39,923.50."  *Id.* at 3.

1

Defendant states that it "neither supports nor opposes Counsel's request for attorney's fees in the amount of $39,923.50, under 42 U.S.C. § 406(b)." Response at 2. Defendant notes that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." Id. Defendant requests that the Court order that "Counsel reimburse Plaintiff fees they previously received under the EAJA, 28 U.S.C. § 2412." Id. at 3.

## Analysis

Pursuant to Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).[1] When contemplating a fee motion under Section 406(b), the Court must first look to the contingency fee agreement and then test for reasonableness. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). To determine reasonableness, the Court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Barry H. v. Kijakazi*, 2023 WL 5985501, at *1 (S.D. Cal., Sept. 13, 2023). The Court should also consider whether inferior representation justifies an award of less than 25% such as "any delay in the proceedings attributable to the attorney requesting the

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

23-cv-640-DDL

fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." *Bartle v. Kijakazi*, 2023 WL 5811845, at *1–2 (S.D. Cal., Sept. 7, 2023)*.

Here, Plaintiff has not provided the Court with a declaration from his counsel, a copy of the relevant fee or retainer agreement, Plaintiff's counsel's billing rate or records, or any additional information the Court can use to evaluate the reasonableness of Plaintiff's motion.  The motion also fails to address whether Plaintiff's counsel provided Plaintiff with notice of the motion and an explanation of Plaintiff's right to file a response or objection to the motion.  *See Bridget M. v. Kijakazi*, No. EDCV 19-1497-KK, 2022 WL 18142562, at *1 (C.D. Cal., Sept. 12, 2022)("Where counsel files a motion for fees in an action for social security benefits, counsel must provide a statement showing she sent a copy of the motion to the claimant."); *see also* 20 C.F.R. § 404.1725(a)(7) ("In order for your representative to obtain approval of a fee for services he or she performed in dealings with us, he or she shall file a written request with one of our offices. . . . The request must contain - . . . . A statement showing that the representative sent a copy of the request for approval of a fee to you.")  Accordingly, Plaintiff's motion is **DENIED** without prejudice.  Plaintiff may re-file the motion with the additional information discussed. *See Crawford*, 586 F.3d at 1151 ("[a]s evidence of the reasonableness of the resulting fee, the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges.").  Any subsequent motion must be filed as a noticed motion and not an *ex parte* petition.

**IT IS SO ORDERED**.

Dated:  April 2, 2026

_____

Hon. David D. Leshner
United States Magistrate Judge

23-cv-640-DDL