UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L., | Case No.: 23-cv-640-DDL |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR ATTORNEY'S FEES PURSUANT TO SECTION 206(b) OF THE SOCIAL SECURITY ACT** |
| FRANK BISIGNANO, Acting Commissioner of Social Security, | |
| Defendant. | **[Dkt. No. 37]** |

Currently before the Court is Plaintiff's April 18, 2026, amended Petition for Attorney's Fees Pursuant to 42 U.S.C. § 206(b) of the Social Security Act [Dkt. No. 37 ("Mot.")].  Having reviewed the motion, Defendant's May 6, 2026 response [Dkt. No. 39 ("Response")], and Plaintiff's May 12, 2026 Reply to Defendant's Response [Dkt. No. 40 ("Reply")], the Court finds the motion suitable for disposition without argument.  Civ. L.R. 7.1.d.1.[1]  Pursuant to Civil Local Rule 7.1.d.1,  for the reasons

---

[1] Plaintiff was informed of the instant motion and does not oppose the request.  Dkt. No. 37-2, Declaration of Alexandra Manbeck In Support of Plaintiff's Application for Rule 206(b) Attorney's Fees ("Manbeck Decl.") at ¶ 13; *see also* Dkt. No. 37-1,

1

set forth below, Plaintiff's motion is **GRANTED IN PART**.

## I.    BACKGROUND

On April 7, 2023, Plaintiff filed a complaint against the Commissioner of Social Security, seeking judicial review of the denial of his "claim for Disability Insurance and Supplemental Security Income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. 1381 et seq., and 42 U.S.C. § 401 et seq." Dkt. No. 1.

On August 30, 2023, Plaintiff filed a Motion for Summary Judgment.  Dkt. No. 17.

On September 19, 2024, the Court issued an Order Affirming in Part and Reversing in Part Decision of the Commissioner of Social Security.  Dkt. No. 26.

On November 19, 2024, Plaintiff filed a Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act.  Dkt. No. 28.  The motion was opposed by Defendant on December 4, 2024.  Dkt. No. 30.  On April 28, 2025, the Court issued an Order Granting in Part and Denying in Part Plaintif's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Ace.  Dkt. No. 33.  The Court awarded Plaintiff attorney's fees and expenses in the amount of $12,179.44. [2] *Id.*

On October 24, 2025, on remand, Plaintiff prevailed and the Commissioner awarded Plaintiff approximately $159,694.00 in past due benefits with $39,923.50

Declaration of Richard Tat Lieu ("Lieu Decl.").

[2] Plaintiff addressed the EAJA award in his March 23, 2026 *Ex-Parte* Motion for Attorney Fees Pursuant to Section 406(b) of the Social Security Act [*see* Dkt. No. 34 at 2-4] and noted that "[u]pon receipt of payment, Plaintiff's attorney shall refund the EAJA fee in the amount of Twelve Thousand One Hundred and Seventy Nine Dollars and Fourty [sic] Four Cents ($12,179.44)."  However, Plaintiff does not mention the EAJA payment in the instant motion or state that Plaintiff's counsel will refund the EAJA fee.

23-cv-640-DDL

withheld for attorney's fees.  Mot. at 3; *see also* Dkt. No. 37-9 at 4-5.

On March 23, 2026, Plaintiff filed an *Ex-Parte* Motion for Attorney Fees Pursuant to Section 206(b) of the Social Security Act.  Dkt. No. 34.  On March 25, 2026, Defendant filed a Response to Plaintiff's *Ex-Parte* Motion for Attorney's Fees Pursuant to Section 206(b) of the Social Security Act.  Dkt. No. 35. On April 2, 2026, the Court issued an Order Denying Without Prejudice Plaintiff's *Ex Parte* Petition for Attorney's Fees Pursuant to Section 206(b) of the Social Security Act because Plaintiff failed to

> provide[] the Court with a declaration from his counsel, a copy of the relevant fee or retainer agreement, Plaintiff's counsel's billing rate or records, or any additional information the Court c[ould] use to evaluate the reasonableness of Plaintiff's motion. The motion also fail[ed] to address whether Plaintiff's counsel provided Plaintiff with notice of the motion and an explanation of Plaintiff's right to file a response or objection to the motion.

Dkt. No. 36.

On April 18, 2026, Plaintiff filed an amended Petition for Attorney's Fees Pursuant to Section 206(b) of the Social Security Act.  Mot.  On May 6, 2026, Defendant filed a response to the motion.  Response.  On May 12, 2026, Plaintiff replied to Defendant's response.  Reply.

## II.    PARTIES' POSITIONS

Plaintiff's Position

Plaintiff seeks an order from the Court awarding attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $39,923.50 and $18,278.00 in outstanding benefits since he only received $100,000 of his $118,278.00 reward.  Mot. at 2. Plaintiff argues that twenty-five percent (25%) of his past-due benefits ($118,278.00) is $39,923.50 and that since his counsel did not receive any fee award pursuant to Section 406(a) of the Social Security Act, "counsel is owed the maximum fee amount of $39,923.50." *Id.* at 14-15.

///

23-cv-640-DDL

Defendant's Position

Defendant states that it "neither supports nor opposes Counsel's request for attorney's fees in the amount of $39,923.50, under 42 U.S.C. § 406(b)."  Response at 2.  Defendant notes that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law."  *Id.*  Defendant requests that the Court order that "Counsel reimburse Plaintiff fees they previously received under the EAJA, 28 U.S.C. § 2412."  *Id.* at 3.  Defendant asks the Court to deny Plaintiff's request for the remaining $18,278 he alleges that he did not receive from his benefit award.  *Id.*  Defendant contends that "[t]he court has no jurisdiction over the payment center's payments to the Plaintiff and Plaintiff should exhaust his administrative remedies if he feels outstanding amounts are still owed."  *Id.*

Plaintiff's Reply

Plaintiff replies that the Social Security Administration ("SSA") cannot be permitted to issue an administrative decision granting benefits and then fail to provide said benefits.  Reply at 2.  Plaintiff notes that the failure to issue his full benefits "is causing severe and irreparable harm."  *Id*.  Plaintiff argues that the Court has inherent power to order this equitable remedy and that Defendant's failure to specify which administrative remedies are available is because there are no such remedies.  *Id.* at 3-4.

### III.   **LEGAL STANDARD**

There are three different fee-shifting statutes that may apply in Social Security cases: 42 U.S.C. § 406(a), 42 U.S.C. § 406(b), and the Equal Access to Justice Act. Section 406(a) allows for an award of attorney's fees for services before the United States Social Security Administration.  42 U.S.C. § 406(a). Section 406(b) allows for an award of attorney's fees for services before a Federal Court. 42 U.S.C. § 406(b).  The EAJA allows a court to reimburse individuals for attorney's fees and expenses incurred in court and certain administrative

4

proceedings involving government agencies. 28 U.S.C. § 2412 (2018 & Supp. I 2019). Unlike Section 406(a) and 406(b) fees, which are drawn from the claimant's past-due benefits, EAJA fees are paid out of agency funds. *See* 28 U.S.C. § 2412(d)(4). A federal court may award an attorney fees under both the EAJA and Section 406(b), but when an attorney is awarded fees under both the EAJA and Section 406(b) for the same work, the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).[3]

Pursuant to Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Because §406(b) by its terms imposes a 25% cap on fees only for representation before a court, and §406(a) has separate caps on fees for representation before the agency, … the statute does not impose a 25% cap on aggregate fees." *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019).

"Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. In ruling on a fee motion under Section 406(b), the Court must first look to the contingency fee agreement and then test for reasonableness. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). To determine reasonableness, the Court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Barry H. v. Kijakazi*, 2023 WL

---

[3] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

23-cv-640-DDL

5985501, at *1 (S.D. Cal., Sept. 13, 2023).  The Court should also consider whether inferior representation justifies an award of less than 25% such as "any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." *Bartle v. Kijakazi*, 2023 WL 5811845, at *1–2 (S.D. Cal., Sept. 7, 2023).

## IV.  DISCUSSION

With the foregoing considerations in mind, the Court turns to Plaintiff's fee request. To reiterate, Plaintiff's past due benefits are $159,694.00; and counsel requests a twenty-five percent fee of $39,923.50.  *See* Mot. at 14-15. This amount is in accordance with the statutory maximum; it is also equivalent to the twenty-five percent fee Plaintiff agreed to when he retained counsel.  *See* 42 U.S.C. § 406(b)(1)(A); *see also* Manbeck Decl. at Exh. 4.  Counsel argues that this amount is appropriate "in view of the inherent risks in this action and the excellent results obtained for Plaintiff."  Mot. at 15.  Plaintiff also requests an order awarding him outstanding benefits of $18,278.00 since he only received $100,000.00 in back pay. [4] Mot. at 12; *see also* Lieu Decl. at ¶ 15.

**A.    Fee Request**

1. Nature of Representation and Result Achieved

As an initial matter, under *Gisbrecht*, the Court should give effect to the parties' agreement unless the record reveals a basis for doing otherwise.  535 U.S. at 807.  Here, the Administration ultimately deemed Plaintiff disabled, entitling him to $159,694.00 in past-due benefits – a favorable result. As to the nature of the

---

[4] The Court is somewhat unclear as to how Plaintiff arrived at the $18,278 dollar amount.  If Plaintiff received $100,000 from a $159,694 award and $39,923.50 of the remainder ($59,694) goes towards attorney's fees, a total of $19,770.5 remains ($59,694 - $39,923.5 = $19,770.5).

23-cv-640-DDL

representation, the Court observes that counsel has represented Plaintiff on a contingency basis. During the more than three years between counsel's engagement and Plaintiff's entitlement to disability benefits, counsel has not been paid. *See Thomas v. Colvin*, No. 1:11CV01291, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (noting the "contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms" supported a request for 25 percent of benefits, and awarding the same). The Court finds these factors weigh in favor of the requested fee award.

2. Whether Counsel's Requested Fee Is Excessive

The Court has also considered whether counsel's requested fee is excessive in comparison to the work performed or to prevailing market rates. In this regard, the Court has reviewed the billing records submitted in support of the requested fees. *See generally* Manbeck Decl. Although the Court's reasonableness determination is not – and should not be – premised on a simple hourly rate calculation, an assessment of counsel's effective hourly rate for the work performed nevertheless provides a useful guide as to whether the requested fee is excessive or represents a windfall in comparison to the work performed. Counsel's billing records demonstrate that counsel expended 266.75 attorney hours on the instant litigation. Mot. at 13; Manbeck Decl. at ¶¶ 7-8. Dividing the requested fees ($39,923.50) by the number of hours expended (266.75) yields an effective hourly rate of $150.[5] This rate is at the very low end of the range of hourly rates approved by other courts in the Ninth Circuit. *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *2-4 (W.D. Wash. Feb. 18, 2022) (hourly rate of $2,000); *Steven M. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-CV-

---

[5] The effective hourly rate is $144.26 if it includes the ten hours Plaintiff's counsel spent drafting the reply to the instant motion ($39,923.50 divided by 276.75 hours). Reply at 6.

7

00459-HZ, 2020 WL 249990, at *2 (D. Or. 2023) (hourly rate of $1,900); *Timothy M. v. Comm'r, Soc. Sec. Admin.*, No. 6:21-CV-01708-AR, 2023 WL 1071604, at *2 (D. Or. Jan. 27, 2023) (hourly rate of $1,863.01); *White v. Berryhill*, No. CV 04-00331-AS, 2017 WL 11634804, at *3 (C.D. Cal. July 7, 2017) (hourly rate of $1,612). The Court thus finds this factor weighs in favor of the requested fee award.

### 3. Policy Considerations

The Court has also considered the public interest in incentivizing qualified attorneys to represent disability claimants. As the court in *Crawford* recognized, attorneys for claimants "assume[] significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." 586 F.3d at 1152. Even if successful, counsel may have to "wait[] a long, long time for payment." *Id.* Giving effect to the parties' negotiated fee agreement compensates the attorney not only for the time expended but also for the risks assumed, and ensures their willingness to undertake those risks again in future cases. *See id.*; *accord Streeter v. Kijakazi*, No. 1:18-cv-01276-SKO, 2021 WL 4065545, at *2 (E.D. Cal. Sept. 7, 2021) ("[t]he goal of fee awards in this context is to provide adequate incentive to represent claimants" while protecting claimants from "depletion" of the benefits recovered). The Court finds this factor also weighs in favor of granting counsel's fee request.

### 4. Whether Any Reduction in the Amount of Fees Requested Is Necessary

Finally, the Court has also evaluated whether any other circumstances warrant a reduction in the requested fees. The Administration's ultimate determination that Plaintiff is entitled to disability benefits demonstrates that the case was meritorious, and the record does not reveal any inordinate delay caused by counsel, work that was substandard, unnecessary, or duplicative, or other indications that counsel's fee is excessive.

### 5. Conclusion Regarding Reasonableness of Counsel's Fee

In summary, because of counsel's efforts, Plaintiff received a favorable

23-cv-640-DDL

decision and an award of past-due benefits of $159,694.00. Counsel's requested fees are less than both the 25 percent statutory maximum and the amount that Plaintiff agreed in advance to pay for a successful outcome. The Court has found no evidence of delay or other factors that would necessitate reducing the requested fees. Accordingly, the Court finds that counsel's request for attorney's fees request is reasonable and **GRANTS** the request for attorney's fees pursuant to 42 U.S.C. § 206(b).

**B.     Counsel Must Refund Fees Received Pursuant to the EAJA**

The EAJA also permits an attorney to receive fees for successful Social Security representations. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216-17 (9th Cir. 2012). However, unlike fees recovered pursuant to Section 406(b), which are paid by the claimant, EAJA fees are paid by the government. *Id.* at 1218. While "[f]ee awards may be made under both prescriptions, . . . the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quoting Pub. L. No. 99–80, § 3, 99 Stat. 183 (1985)). Accordingly, counsel must refund Plaintiff for any EAJA fees that counsel has received for work before the Court.[6]

**C.     Outstanding Benefits**

Plaintiff's request for an order requiring the SSA to pay $18,278.00 in past benefits due is **DENIED**. The relief requested is separate and distinct from the

---

[6] [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*See* 28 U.S.C. § 2412 (d)(1)(A).

23-cv-640-DDL

issue of attorney's fees, and the Court does not have sufficient information to rule on such a request.  Additionally, it is unclear if the Court has jurisdiction to order such payment.  Plaintiff states that he only received $100,000.00 but does not state what efforts, if any, he made to recover the remaining $18,278.00 he believes he is owed. Lieu Decl. at ¶ 15.; *see also* Mot. at 12.  Plaintiff does not state what the response, if any, was from the SSA.   Plaintiff does not identify the administrative options that were available to him to obtain the outstanding funds and whether he exhausted any such remedies. Instead, Plaintiff argues that the Court should rely on its "inherent powers to order equitable remedies of full payment."  Reply at 2. Defendant's one line response that "[t]he court has no jurisdiction over the payment center's payments to the Plaintiff and Plaintiff should exhaust his administrative remedies if he feels outstanding amounts are still owed" is equally lacking as no law, authority, or citations are provided in support of the statement.  Response at 3.

## V.   CONCLUSION

Based on the foregoing, the Court **GRANTS** counsel's motion for attorney's fees pursuant to 42 U.S.C. § 206(b) and **APPROVES** an award in the amount of $39,923.50 to Law Offices of Alexandra T. Manbeck, P.O. Box 827, State College, PA 16804.    The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff $12,179.44 in EAJA fees that counsel previously received.  Plaintiff's request for an order requiring the SSA to pay $18,278 in past benefits due is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  June 2, 2026

Hon. David D. Leshner
United States Magistrate Judge

10

23-cv-640-DDL