UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RICHARD L.,

Plaintiff,

v.

FRANK BISIGNANO, Acting Commissioner of Social Security,

Defendant.

Case No.: 23-cv-640-DDL

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING AS MOOT WRIT OF MANDAMUS**

**[Dkt. No. 42]**

Currently before the Court is Plaintiff's June 19, 2026 Motion for Reconsideration and Writ of Mandamus [Dkt. No. 42-1 ("Mot.")]. After hearing oral argument and having reviewed the motion, Defendant's July 8, 2026 opposition [Dkt. No. 45 ("Oppo.")], and Plaintiff's July 18, 2026 Reply [Dkt. No. 49 ("Reply")], for the reasons set forth below, Plaintiff's Motion for Reconsideration is **DENIED** and the Writ of Mandamus is **DENIED AS MOOT**.

## I. PROCEDURAL BACKGROUND

On April 7, 2023, Plaintiff filed a complaint against the Commissioner of Social Security, seeking judicial review of the denial of his "claim for Disability Insurance and Supplemental Security Income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. 1381 et seq., and 42 U.S.C. § 401 et seq."

Dkt. No. 1.

On August 30, 2023, Plaintiff filed a Motion for Summary Judgment. Dkt. No. 17.

On September 19, 2024, the Court issued an Order Affirming in Part and Reversing in Part Decision of the Commissioner of Social Security. Dkt. No. 26.

On November 19, 2024, Plaintiff filed a Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act. Dkt. No. 28. The motion was opposed by Defendant on December 4, 2024. Dkt. No. 30. On April 28, 2025, the Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act. Dkt. No. 33. The Court awarded Plaintiff attorney's fees and expenses in the amount of $12,179.44. *Id.*

On October 24, 2025, on remand, Plaintiff prevailed and the Commissioner awarded Plaintiff approximately $159,694.00 in past due benefits with $39,923.50 withheld for attorney's fees. Dkt. No. 37 at 3; *see also* Dkt. No. 37-9 at 4-5.

On March 23, 2026, Plaintiff filed an *Ex-Parte* Motion for Attorney Fees Pursuant to Section 206(b) of the Social Security Act. Dkt. No. 34. On April 2, 2026, the Court issued an Order Denying Without Prejudice Plaintiff's *Ex Parte* Petition for Attorney's Fees Pursuant to Section 206(b) of the Social Security Act because Plaintiff failed to

> provide[] the Court with a declaration from his counsel, a copy of the relevant fee or retainer agreement, Plaintiff's counsel's billing rate or records, or any additional information the Court c[ould] use to evaluate the reasonableness of Plaintiff's motion. The motion also fail[ed] to address whether Plaintiff's counsel provided Plaintiff with notice of the motion and an explanation of Plaintiff's right to file a response or objection to the motion.

Dkt. No. 36.

On April 18, 2026, Plaintiff filed an amended Petition for Attorney's Fees Pursuant to Section 206(b) of the Social Security Act. Dkt. No. 37. On June 2,

2026, the Court issued an Order Granting in Part and Denying in Part Petition for Attorney's Fees Pursuant to Section 206(b) of the Social Security Act. Dkt. No. 41. The Court granted Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 206(b) and approved an award in the amount of $39,923.50. *Id.* at 10. The Court further ordered Plaintiff's counsel to refund Plaintiff $12,179.44 in EAJA fees that counsel previously received. *Id.*

On June 19, 2026, Plaintiff filed the instant Motion for Reconsideration and Writ of Mandamus. Mot. Defendant opposed the motion on July 8, 2026. Oppo. Plaintiff replied on July 18, 2026. Reply.

On August 26, 2026, the Court held a motion hearing. Alexandra T. Manbeck appeared on behalf of Plaintiff, and Christopher Vieira appeared on behalf of Defendant. Dkt. No. 56.

## II. MOTION FOR RECONSIDERTION

Plaintiff seeks "the Court's reconsideration of its June 2, 2026 decision denying an order enjoining the Social Security Administration (SSA) from withholding $18,278 in past due benefits from Plaintiff and ordering an EAJA award be returned to Plaintiff." Mot. at 6. Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 59(e) and 60(b). *Id.*

### A. Parties' Positions

Plaintiff argues that pursuant to a fee agreement that he entered with his counsel on September 20, 2025, he owes his counsel a § 406(a) debt of $9,200 that should be offset against his $12,179.44 EAJA award. Mot. at 9.

Defendant contends that Plaintiff is unable to charge and collect a 42 U.S.C. § 406(a) fee in this case without prior approval from the SSA which has already denied the request based on counsel's fee agreement. Oppo. at 2. Defendant notes that Plaintiff's counsel was given sixty (60) days to file a fee petition with the SSA but had not done so at the time the opposition was filed. *Id.* Defendant further contends that Plaintiff does not owe his counsel a section § 406(a) fee because

the SSA declined to authorize counsel's requested § 406(a) fee. *Id.* Therefore, Plaintiff's counsel's argument that she should be able to offset the $9,200 her client owes in § 406(a) fees against the EAJA fees this Court ordered is "based on a faulty premise." *Id.* Finally, Defendant contends that the SSA has "exclusive jurisdiction" to award attorneys fees and the Court cannot authorize counsel's request. *Id.* at 3 (emphasis in original).

Plaintiff replies that given that the SSA has already conceded that the EAJA award belongs to Plaintiff, the fees are his property and "subject first to any outstanding private contractual or administrative obligations to his counsel." Reply at 2. Plaintiff notes that under *Sullivan v. Hudson*, 490 U.S. 877 (1989), there is an exception to the notion that the SSA has exclusive jurisdiction over § 406(a) that applies in this case and permits a court to

> exercise its discretion to award EAJA fees for administrative proceedings where those proceedings are so intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote that they function as part and parcel of the civil action.

*Id.* at 3. Because the *Hudson* requirements are met, Plaintiff argues that

> this is the special case where SSA does not have exclusive jurisdiction over Rule 406(a) fees and the earned EAJA fees of $12,179.44 remains Plaintiff's property which Plaintiff can use to offset his Rule 406(a) attorney's fees of $9,200, contrary to defendant's assertion of exclusive jurisdiction.

*Id.* at 4-5.

**B. Legal Standard**

Rule 60(b) allows for relief from final judgement, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

> misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "However, a party's mere dissatisfaction with the court's order is not sufficient to warrant reconsideration." *Bey ex rel. McGill v. Do*, No. 3:23-CV-00123-SB, 2023 WL 4559841, at *2 (D. Or. July 17, 2023) (citation and internal quotations omitted).[1]

**C. <u>Discussion</u>**

"Section 406(a) grants the Social Security Administration exclusive jurisdiction to award attorney's fees for representation of a Social Security claimant in proceedings before the Administration." *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th

---

[1] Civil Local Rule 7.1(i) states that: "Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."

Cir. 2008). This "Court does not have jurisdiction to award Plaintiff's request for attorney's fees under 406(a) for work performed at the administrative level." *Valle v. Berryhill*, No. 16-CV-02358-JSC, 2019 WL 1517103, at *2 (N.D. Cal., Apr. 8, 2019); *see also Kennedy v. Hatfield*, No.: 20cv395-KSC, 2020 WL 3639699, at *3 (S.D. Cal. July 6, 2020). Accordingly, the Court will not approve a fee request pursuant to § 406(a) and permit Plaintiff's counsel to deduct payment from Plaintiff's EAJA fund.

Plaintiff's counsel argues that there is an exception to the SSA's exclusive jurisdiction that allows this Court to exercise its discretion and award fees for administrative proceedings. However, even if the Court did have jurisdiction over Plaintiff's request, Plaintiff's motion does not meet the standard for granting reconsideration under Fed. R. Civ. P. 59(e). First, Plaintiff does not argue or present evidence demonstrating an intervening change in controlling law. Nor does Plaintiff argue that the Court's decision regarding the EAJA award was clearly erroneous or manifestly unjust.[2] The remaining ground for reconsideration occurs when the Court is presented with newly discovered evidence. Here, "Plaintiff is submitting a declaration as new evidence to support reconsideration." Mot. at 7. While the declaration may contain new evidence for the Court's consideration, it does not contain ***newly discovered evidence***. Dkt. No. 42-2. The declaration confirms Plaintiff's understanding of his EAJA benefits, asks that his counsel be given $9,200 in fees, includes a copy of his fee agreement with counsel, and praises his counsel's talent, skill, compassion, and dedication as an attorney. *Id.* All this information was known and available to Plaintiff when he filed his amended Petition for Attorney's Fees Pursuant to Section 206(b) of the Social Security Act.

---

[2] Plaintiff does argue that the Court's decision regarding the Title II benefits is "unjust insofar as Plaintiff has no recourse whatsoever to his being deprived of his Title II benefits." Mot. at 7.

Dkt. No. 37. *See Szanto v. Bank of New York, No. 22-CV-1857 TWR (DEB), 2025 WL 4669479, at *2 (S.D. Cal., Apr. 7, 2025)* ("[e]vidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession ... or could have been discovered with reasonable diligence."); *see also Torres v. Kernan*, No. 22-cv-09112 BLF (PR), 2023 WL 3362595, at *1 (N.D. Cal. May 9, 2023) ("Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling.").

Plaintiff's motion also fails under Fed. R. Civ. P. 60. Plaintiff has failed to establish any of the situations identified in Fed. R. Civ. P. 60(b)(1-5). That leaves the Court to consider the umbrella provision of Fed. R. Civ. P. 60(b)(6). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Collins v. Wal-Mart Stores, Inc.*, No. 3:23-CV-01368-RBM-DEB, 2025 WL 1435525, at *2 (S.D. Cal., May 19, 2025). "The Ninth Circuit has cautioned that this Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* Rule 60(b)(6) relief is only appropriate under "extraordinary circumstances." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

Plaintiff has neither demonstrated extraordinary circumstances nor shown circumstances beyond his control that prevented him from proceeding with the action in a proper fashion or correcting an erroneous judgment. Defendant correctly notes that Plaintiff was given the opportunity to file a fee petition with the ALJ who issued the favorable decision to receive payment. Dkt. No. 45-2, Order of the Chief Administrative Law Judge at 4 ("Because I have disapproved the fee agreement, to charge and collect a fee, the representative must submit a fee petition to the ALJ who issued the favorable decision. . . . Representatives who are

eligible for and want to receive direct payment of the authorized fee must file the fee petition within 60 days of the date of this order.")[3]. This means that Plaintiff had another option for pursuing the relief he seeks and preventing or correcting what he believes to be an erroneous decision by the SSA. Plaintiff does not address whether he pursued this relief but regardless, he has failed to show extraordinary circumstances warranting relief under Fed. R. Civ. P. 60(b)(6).

**D. Conclusion**

Because the Court does not have jurisdiction to award section 406(a) fees and because reconsideration is unwarranted in any event, the Motion for Reconsideration is **DENIED**.

## III. Petition for Writ of Mandamus

Plaintiff sought an order from the Court "compel[ling] SSA to pay Plaintiff the full amount of money owed in arrears, or $18,278 pursuant to its November 25, 2025 decision." Mot. at 11. Defendant opposed the motion and responded that the SSA paid Plaintiff all benefits owed in November 2025. Oppo. at 3.

On August 13, 2026, the Court set a hearing on the matter for August 26, 2026. Dkt. No. 53.

On August 20, 2026, Defendant filed a Status Report stating that Plaintiff provided Defendant "with a copy of his November 2025 California Coast Credit Union bank statement" showing that Plaintiff received the $18,278.01 payment on November 21, 2025. Dkt. No. 54.

On August 26, 2026, the Court held a hearing on the matter. Dkt. No. 56. During the hearing, Plaintiff's counsel, Ms. Manbeck, confirmed that Plaintiff's bank records show that he received the $18,278 and agreed to withdraw the Writ based on those records. Accordingly, the Court **DENIES AS MOOT** Plaintiff's Petition for

---

[3] The Order was dated May 13, 2026. Sixty days from the date of the order was July 12, 2026.

Writ of Mandamus.

**IT IS SO ORDERED**.

Dated: September 25, 2026

Hon. David D. Leshner
United States Magistrate Judge